### Settlement Agreement And Stipulation

This Settlement Agreement and Stipulation (the "Settlement Agreement") is entered into between Manoucheka Charlessaint ("Plaintiff" or "Class Representative"), individually and on behalf of the Settlement Classes (as defined below), and Persian Acceptance Corporation ("Persian" or "Defendant").

**WHEREAS,** on April 24, 2014, Plaintiff filed a class action complaint with the United States District Court, District of Massachusetts, Case No. 1:14-CV-11937 (the "Complaint") naming as defendants Persian and Carfinco Financial Group Inc. ("Carfinco"); and

**WHEREAS,** Persian and Carfinco each filed motions to dismiss the Complaint, with the former being denied and the latter being granted; and

**WHEREAS,** Persian thereafter duly filed its Answer to the Complaint, and, as stated therein, Defendant denied and continues to deny any and all liability asserted in the Complaint; and

**WHEREAS,** the Parties engaged in substantial formal and informal discovery and exchanged substantial information about the claims and defenses in the matter. Class Counsel (as defined in Paragraph 1.3 below) has investigated the facts through discovery and has researched the applicable law and precedent. Class Counsel has taken depositions of Persian's corporate representative and the principal of Malden Auto Brokers, Inc., of Malden, Massachusetts, a used car

**EXHIBIT 1**

dealer from whom the Plaintiff purchased a 2008 Nissan Sentra on or about April 18, 2013, and who assigned the Retail Installment Agreement to Persian, and has obtained written discovery responses and documents from the Defendant. The Class Representative has been deposed by the Defendant. Further, the Defendant warrants that, unless otherwise expressly disclaimed in this Agreement, its testimony and records are truthful, accurate, and contain no significant omissions, as are its representations as to net worth in financial statements provided by Defendant to Class Counsel. Defendant acknowledges that the Plaintiff and Class Counsel have relied on this information in agreeing to this Settlement Agreement; and

**WHEREAS,** the Parties have also engaged in extensive settlement discussions and arm's-length negotiations, including a full-day mediation before a highly experienced neutral mediator, Brad Honoroff, Esquire, of The Mediation Group in Brookline, Massachusetts. The Parties have reached an agreement on the salient terms of a settlement, with the detailed terms of the settlement outlined below; and

**WHEREAS,** the purpose of this Agreement is to memorialize the final settlement reached between the Parties; and

**WHEREAS,** based on the investigation, research and analysis conducted to date, the Plaintiff considers it desirable and in the best interests of the Class



Last Saved: 10/13/2015 3:18 PM

Members to reach an equitable and appropriate resolution of the issues raised in the Action, on the terms set forth herein, taking into account the risks and uncertainties involved in this Action, as well as other relevant considerations, including, but not limited to, the time and expense of litigation, and the value of fully and finally resolving all claims asserted in the Action at this time; and

**WHEREAS,** the Parties have agreed that Plaintiff shall seek conditional certification of a Settlement Class, to have Plaintiff appointed class representative of the Settlement Class, and to have Charles M. Delbaum, Esquire, the National Consumer Law Center, and Sebastian Korth, Esquire, Korth Law Office, appointed to serve as Class Counsel.

**NOW, THEREFORE,** in consideration of the mutual promises and covenants contained in this Settlement Agreement, and subject to preliminary and final approval by the Court as provided herein pursuant to Rule 23 of the Federal Rules of Civil Procedure, it is hereby stipulated and agreed by and between the Class Representative, acting for herself and on behalf of the Settlement Class, and the Defendant, that all claims, suits, lawsuits, fees, legal fees, fines, rights and causes of action, state or federal, and including damages, losses and demands of any nature and kind, that have been, or could have been asserted by the Class Representative relating to the alleged conditioning by Defendant of loans on ACH or electronic withdrawals, for herself and on behalf of the Settlement Class in the

Action shall be settled, released and dismissed with prejudice upon the following terms and conditions, subject to approval by the Court.

1. **Definitions.** The following terms shall have the following meanings in this Settlement Agreement.

1.1 **"Action"** means Manoucheka Charlessaint v. Persian Acceptance Corporation and Carfinco Financial Group, Inc., U.S. District Court, D. Mass., Case No.: 1:14-CV-11937-RGS.

1.2 **"Additional Terms and Conditions"** means the terms and conditions of the Settlement to be presented by the Plaintiffs in the Motion for Preliminary Approval concerning notice procedures and settlement administration

1.3 **"Class Counsel"** means Charles M. Delbaum, Esquire, the National Consumer Law Center, 7 Winthrop Square, Boston MA 02110, and Sebastian Korth, Esquire, Korth Law Office, One Center Plaza, Suite 220, Boston, MA 02108.

1.4 **"Class Members"** or **"Members of the Class"** means members of the EFTA and MEFTA Classes

1.5 **"Class Notice"** means the mailed notice of the proposed Settlement that is contemplated by this Settlement Agreement and to be approved by the Court, advising the Class Members of the



Settlement, Preliminary Approval, the Fairness Hearing, and all other notices required by the Preliminary Approval.

1.6 **"Class Period"** means a period of time beginning on April 24, 2013, for claims arising under the EFTA and April 24, 2010, for claims arising under the MEFTA, and ending as to all claims on September 12, 2015;

1.7 **"Class Representative"** means the Plaintiff Manoucheka Charlessaint, who will be proposed to the Court to represent the Settlement Classes pursuant to Rule 23 of the Federal Rules of Civil Procedure in the Motion for Preliminary Approval.

1.8 **"Effective Date"** means the date this Agreement shall be effective, specifically, when all of the following have occurred: (1) the Court has entered the Preliminary Approval Order; (2) the Court has entered a Final Judgment and the Final Judgment has become Final and non-appealable as provided in section 1.11 below.

1.9 **"EFTA Class"** means all consumers who entered into loans financed directly or indirectly by Defendant on or after April 24, 2013, through September 12, 2015, and who authorized electronic or ACH withdrawals from a bank account in connection with such



loan.

1.10   **"Hearing"** means the hearing to be held by the Court to consider the final approval of the Settlement pursuant to Federal Rule of Civil Procedure 23.

1.11   **"Final Judgment"** means this Court's Final Judgment and Order Approving the Settlement. Any order or judgment of the Court contemplated by or entered pursuant to this Settlement Agreement shall be deemed to have become "Final": (a) thirty (30) days after the entry of the Final Judgment on the docket, if no appeal is taken during such thirty (30) day period; or (b) if, during the aforesaid thirty (30) day period, an appeal is taken from such Final Judgment, the date upon which all appeals, including petitions for review, rehearing, certiorari, and any proceedings resulting there from, have been finally disposed of.

1.12   **"MEFTA Class"** means all consumers residing in Massachusetts who entered into loans financed directly or indirectly by Defendant through September 12, 2015, in the Commonwealth of Massachusetts on or after April 24, 2010, and who authorized electronic or ACH withdrawals from a bank account in connection with such loan.

1.13   **"Motion for Preliminary Approval"** means the motion by which is sought "Preliminary Approval" as defined herein.

1.14   **"Preliminary Approval"** means the order or orders of the Court preliminarily approving the terms of this Settlement Agreement and the Additional Terms and Conditions to be proposed by the Class Representative in the Motion for Preliminary Approval and the Settlement.

1.15   **"Released Claims"** means those claims released by the Plaintiff, Class Representative, and Class Members and Settlement Classes.

1.16   **"Response Deadline"** means the date by which all elections to opt-out and objections must be made, as determined by the Court. This date shall be no later than thirty (30) days prior to the Fairness Hearing.

1.17   **"Settlement"** means the terms and conditions contained in this Settlement Agreement and the Additional Terms and Conditions to be proposed by the Class Representative in the Motion for Preliminary Approval.

1.18   **"Settlement Administrator"** means the independent class action settlement administration company retained for purposes of

administering the Settlement. The Parties have agreed to [to be inserted] as the Settlement Administrator.

1.19    **"Settlement Classes"** means the EFTA and MEFTA classes collectively.

1.20    **"Settlement Class Members"** means those Class Members who do not opt-out of the Settlement pursuant to the procedures stated herein and approved by the Court.

1.21    **"Settlement Fund"** shall have the meaning set forth in Paragraph 5.1, below.

1.22    **"Settlement Administration Costs and Expenses"** means all costs and expenses connected with obtaining the services of a Settlement Administrator to facilitate the Settlement, including, but not limited to, skip-tracing, printing and mailing the Class Notice and payments to Class Members, the incentive award to plaintiff, and the attorney fees and costs awarded by the Court to class counsel, as well as managing the Settlement Fund.

**2.    Submission of Settlement Agreement for Preliminary Approval and Order.**

2.1.    Upon execution of this Settlement Agreement, the Class Representative shall promptly move the Court for Preliminary Approval.

Last Saved: 10/13/2015 3:18 PM

The Class Representative will file a motion for Preliminary Approval, attaching as exhibits this Settlement Agreement, a proposed preliminary approval order including the Additional Terms and Conditions, a proposed Class Notice for each of the Settlement Classes, and a proposed Final Order (the "Motion for Preliminary Approval"). The fact that the Court may require minor changes in the proposed notices or orders contained in the Motion for Preliminary Approval does not invalidate this Settlement Agreement. Defendant shall not oppose the Motion for Preliminary Approval. Class counsel will provide Defendant copies of the Class Notice prior to filing of the motion for preliminary approval, and will consider in good faith any suggested changes. If the Parties are unable to agree as to the form and content of notice, however, the issue will be submitted to the Court for resolution. The Order of Preliminary Approval shall include the following terms:

2.1.1. Preliminarily approving the Settlement on behalf of each of the Classes to be conditionally certified under Rule 23(b)(3) of the Federal Rules of Civil Procedure, and consisting of all Class Members.

2.1.2. Approving and directing that a Class Notice be mailed to the appropriate Class Members of each of the Settlement Classes. The



Class Notice shall be mailed no later than thirty (30) days after entry of Preliminary Approval ("Notice Deadline").

2.1.3.  Determining, pursuant to Federal Rule of Civil Procedure 23 that such notification procedures will provide the best notice practicable under the circumstances and constitute due and sufficient notice to all persons entitled thereto

2.1.4.  Providing that any Class Member may opt-out of the Settlement by choosing that option on the Settlement website or by mailing to the Settlement Administrator a written request for exclusion containing the Class Member's name, address, signature, and a statement that the Class Member chooses not to participate in the Settlement.  The written request for exclusion must be post-marked no later than sixty (60) days after the Notice Deadline.

2.1.5.  Providing that any Class Member who does not timely and properly elect to opt-out of the Settlement will be bound by the Settlement and Released Claims, and shall be deemed to be a Settlement Class Member.

2.1.6.  Providing that any Class Member who timely and properly elects to opt-out of the Settlement may proceed with his/her own action and will not be bound by the Settlement.

2.1.7.  Providing that any member of the Settlement Class who objects to the approval of the Settlement in compliance with the provisions for objections in this Settlement Agreement and the Class Notice may appear at the Fairness Hearing and show cause why the proposed Settlement should not be approved as fair, reasonable and adequate and why a judgment should not be entered thereon.  Any such objections or any petition to intervene in the Action must be submitted in writing, must state with specificity the grounds for the objection, must attach copies of all documents on which the objector intends to rely, must include the Class Member's name, address, telephone number and signature, and must be served on Class Counsel, the attorneys for Defendant, and filed with the Court on or before the deadline provided in the Class Notice.  Class Members who do not file written objections may not appear at the Fairness Hearing.

2.1.8.  Certifying the Action as a Class Action for settlement purposes only on behalf of each of the Settlement Classes.

2.1.9.  Appointing Charles M. Delbaum, Esquire, the National Consumer Law Center, 7 Winthrop Square, Boston MA 02110, and Sebastian Korth, Esquire, Korth Law Office, One Center Plaza, Suite 220,

11

Boston, MA 02108 as Class Counsel.

2.1.10. Appointing Plaintiff Manoucheka Charlessaint as Class Representative.

2.1.11. Scheduling a Fairness Hearing to be held: (a) to determine the reasonableness, adequacy and fairness of the Settlement for purposes of Federal Rule of Civil Procedure 23; (b) to determine the reasonableness, adequacy and fairness of the attorney fees and costs for Class Counsel and an incentive award for the Class Representative; and (c) to determine whether Final Judgment should be entered in accordance with the terms of the Settlement.

2.1.12. Providing that the Settlement Administrator shall provide to the Parties the timely and valid elections by Class Members to opt-out or a list identifying those Class Members who submitted timely and valid elections to opt-out by no later than seven (7) days after the opt-out Deadline.

2.1.13. Providing that no person shall be entitled to contest the approval of the terms and conditions of the Settlement or the Final Judgment except by filing and serving written objections in accordance with the provisions of this Settlement Agreement and the Preliminary Approval. Any member of the Settlement Class who fails to object

in the manner prescribed shall be deemed to have waived, and shall be foreclosed forever from raising, objections or asserting any claims arising out of, related to, or based in whole or in part on any of the facts or matters alleged, or which otherwise were at issue in this Action.

2.1.14. Authorizing the use and disclosure by Defendant and Class Counsel of such information as is contemplated and necessary to effectuate the terms and conditions of the Settlement, and to protect the confidentiality of the names and addresses of Class Members or other confidential or proprietary information pursuant to the terms of the Settlement.

2.1.15. Entering a Stay of the Action pending administration of the Settlement Classes or disapproval of the Settlement.

3. **Fairness Hearing.**

      3.1.    On the date set by the Court for the Fairness Hearing, the parties shall jointly request the Court to review any petitions to intervene and proper and timely objections to the Settlement and to conduct such other proceedings as the Court may deem appropriate under the circumstances. At the Fairness Hearing, the Class Representative shall request the Court to enter Final Judgment:

3.1.1.   Determining that the mailing of the Class Notice to all Class Members in the manner provided herein and preliminarily approved by the Court was the best method of notice practicable under the circumstances, constituted due and sufficient notice to all persons entitled thereto, and satisfied the requirements of Federal Rule of Civil Procedure 23.

3.1.2.   Approving the Settlement; finding that its terms are fair, reasonable and adequate to the Settlement Classes, for purposes of Federal Rule of Civil Procedure 23; and directing the consummation of the Settlement in accordance with the terms and conditions of this Settlement Agreement, and entering Final Judgment thereon.

3.1.3.   Certifying each of the Settlement Classes for settlement purposes only pursuant to Federal Rule of Civil Procedure 23.

3.1.4.   Providing that each Settlement Class Member shall be bound by the Settlement, releasing and discharging all Released Claims.

3.1.5.   Awarding Class Counsel reasonable attorneys' fees and costs as provided in Paragraph 5.7, subject to Court approval.

3.1.6.   Awarding the Class Representative an incentive award as provided in Paragraph 5.7.1, subject to Court approval.



3.1.7.    Reserving jurisdiction over all matters relating to the administration, implementation, effectuation and enforcement of this Settlement Agreement.

3.1.8.    Awarding such other and further relief consistent with the terms and provisions of the Settlement, as the Parties hereto may agree.

4.    **Notice of Class Settlement.**

4.1.    Within fifteen (15) days after entry of Preliminary Approval, Defendant shall provide to the Settlement Administrator an electronic list of the names and last known addresses of all Class Members ("Class List").

4.2.    As of September 12, 2015, Defendant represents that to the best of its knowledge based on a thorough review of its records of customer accounts, including electronic records, the number of Class Members are as follows:

4.2.1. EFTA Class: All states, accounts funded from 4/24/2013 thru 9/12/2015 = 7953 accounts.

4.2.2. MEFTA Class: MA accounts funded from 04/24/2010 thru 09/12/2015 = 7199 accounts.



4.3.    Within thirty (30) days after entry of Preliminary Approval, the Settlement Administrator will send to each Class Member a Notice, by postcard, postage pre-paid, addressed to his or her last known address, as shown by the records of Defendant. The postcards shall be marked "address correction requested." The postcards will reference the availability of a Full Notice on the website or obtainable by calling a toll free number.  To the extent necessary, and to correct addresses for returned mail, the Settlement Administrator will process Class Member addresses through a National Change of Address ("NCOA") database, and re-mail the Notices only one time.  It is agreed by the Parties that this procedure constitutes an appropriate effort to locate current addresses for Class Members.  No additional efforts shall be required.

4.4.    <u>CAFA Notice</u>. Persian shall send the notice required by Section 1715 of the Class Action Fairness Act (28 U.S.C. § 1715) to the respective Attorneys General within 10 days of filing this Agreement in Court.

## 5.    **Benefits to Settlement Class and Plaintiffs, and Attorney's Fees and Costs.**

5.1.<u>Settlement Fund</u>.  Within seven (7) days of the Effective Date, Defendant shall pay Two Hundred Seventy-Six Thousand Three Hundred Ninety-Eight



Last Saved: 10/13/2015 3:18 PM

Dollars and Seventy-Nine Cents ($276,398.79) into a settlement fund to be established by the Settlement Administrator ("Settlement Fund"). The Settlement Fund shall be held in a segregated, interest-bearing bank account to be established by the Settlement Administrator. This payment shall satisfy all of Defendant's monetary obligations under the Settlement Agreement, including, inter alia, for damages, incentive award, attorney's fees and costs, and and Settlement Administration Costs and Expenses, including costs of notice, except with respect to any Settlement Administration Costs and Expenses, including costs of notice, in excess of Twenty-five Thousand ($25,000.00) Dollars. Any such Costs and Expenses in excess of Twenty-five Thousand ($25,000.00) Dollars are to be separately paid one-half by Defendant and one-half by Class Counsel.

5.2.  <u>Division of Settlement Fund.</u> Defendant agrees that One Hundred Seven Thousand Five Hundred ($107,500.00) Dollars of the Settlement Fund shall be paid to class members and Five Thousand ($5,000.00) Dollars shall be paid as an incentive award to the class representative. Defendant also consents to and will not oppose payment of One Hundred Thirty-Seven Two Hundred Forty-One ($137,241.00) Dollars from the Settlement Fund to Class Counsel for attorney's fees, plus One Thousand Six Hundred Fifty-Seven Dollars and Seventy-Nine Cents ($1,657.79) in costs, subject to court approval. Any amount from the $138,898.79 in fees and costs that is not paid out in attorneys' fees and costs shall,

17

subject to court approval, reduce Class Counsel's liability for notice and administration costs and/or revert to the Settlement Fund.

      5.3.   <u>Payments to class members</u>. One Hundred Seven Thousand Five Hundred ($107,500.00) Dollars of the Settlement Fund will be distributed as follows: Fifty-Three Thousand Seven Hundred Fifty ($53,750.00) Dollars on a per capita basis to the EFTA class, and Fifty-Three Thousand Seven Hundred Fifty ($53,750.00) Dollars on a per capita basis to the MEFTA class. Persons who are members of both classes will receive a single check equal to the sum of their shares of each class's distribution

      5.4.   <u>Attorney's fees and costs</u>. Class Counsel will file a motion for approval of reasonable attorneys' fees, costs, and expenses and seek One Hundred Thirty-Seven Thousand Two Hundred Forty-One ($137,241.00) in fees and One Thousand Six Hundred Fifty-Seven Dollars and Seventy-Nine Cents ($1,657.79) in costs. Class Counsel represent that their lodestar exceeds the amount of fees for which they will seek court approval pursuant to this Settlement. Defendant will not oppose said motion. If approved by the Court, attorney's fees and costs will be paid from the settlement fund. To the extent the Court does not approve the requested attorney's fees and costs, this Settlement Agreement shall remain effective but the unapproved amount shall be re-allocated to the fund payable to Class Members.

5.5.   <u>Award to Plaintiff.</u> Subject to Court approval, the Plaintiff shall receive an incentive or service award of Five Thousand ($5,000.00) Dollars for prosecuting this Action and for serving as a Class Representative and for her individual damages. Such incentive award payment shall be made from the Settlement Fund within seven (7) days after the Effective Date.  If the Court does not approve the incentive award or the amount of the incentive award, this Settlement Agreement shall remain effective but the unapproved amount of the incentive award shall be re-allocated to the fund payable to Class Members.

5.6.   <u>Payments.</u>

    5.6.1.   All payments to be made from the Settlement Fund are subject to Court approval.

    5.6.2.   The checks to Settlement Class Members shall be mailed within 15 days of the Effective Date by check sent by first class mail, postage pre-paid, addressed to the Class Member's last known address, as updated by the settlement administrator, provided, however, that the settlement administrator shall not send checks to any class member as to whom the notice of settlement was returned as addressee unknown, with no forwarding address.  If a check is returned with a forwarding address provided by the postal service, it



will be re-mailed to the address or addresses provided. Such checks will become void One Hundred Eighty (180) days from the date of issue.

5.6.3.    In the event the Settlement Administrator has been informed that a class member who is entitled to payment is deceased, it shall issue the amount to a person reasonably believed to be a member of that person's household, upon presentation of reasonable written documentation by such person to it.

5.6.4.    Except as provided above with respect to costs of notice and administration in excess of $25,000, all payments pursuant to this Agreement shall be paid solely from the Settlement Fund and payments from the Settlement Fund and Defendant's agreement as expressed herein shall be the exclusive remedy for all Class Members.

5.7.    <u>Unclaimed amounts</u>.    There will be no reverter to Defendant of any sums remaining in the Settlement Fund.  Any amounts for class members who cannot be located or who fail to cash their checks within thirty (30) days of the void date or which otherwise cannot be distributed to



Class Members will be paid on a *cy pres* basis to Greater Boston Legal Services (the "Cy Pres Payment"), if approved the Court.

6. **Release of Claims.**

6.1 Upon the Effective Date, the Class Representative and Class Members release Defendant, together with its respective past and present: officers; shareholders; directors; members; partners; associates; assignees; successors; predecessors; subsidiaries; parent companies; divisions; affiliates; attorneys; employees; and agents, from any and all claims, known or unknown, that were or could have been brought in the Action arising from or relating to the alleged conditioning of loans on ACH or electronic withdrawals during the Class Period.

6.2 Upon the Effective Date, the Class Representative and Class Members release Carfinco Financial Group, Inc., together with its respective past and present: officers; shareholders; directors; members; partners; associates; assignees; successors; predecessors; subsidiaries; parent companies; divisions; affiliates; attorneys; employees; and agents, from any and all claims, known or unknown, that

21

were or could have been brought in the Action arising from or relating to the alleged conditioning of loans on ACH or electronic withdrawals during the Class Period.

7. **Termination of Agreement.** Upon entry of an order by the Court that invalidates or disapproves the Settlement, or which alters any material term of this Settlement without the Parties' consent, any party to the Settlement shall have the right to nullify and to void the Settlement, and the Settlement and Settlement Agreement thereafter shall have no further force and effect with respect to any party in this Action. In the event that the Court conditions its preliminary or final approval of the Settlement on any changes to the Settlement, the Parties shall in good faith consider such changes and consent to them if they do not materially alter the obligation of a Party. Changes that shall be deemed to materially change the obligation of a Party include, but are not limited to, changes that affect (a) any of the monetary payments required in the Settlement by more than ten (10%) percent; (b) the scope of the release to be granted; or (c) the definition of any of the Settlement Classes or Class Members. Changes that merely alter wording or that reasonably modify timing of any event will not be considered material changes to the Parties' obligations under this Settlement Agreement.

8. **No prejudice**. In the event the Settlement is nullified or terminated pursuant to Paragraph 7, this Settlement Agreement and all negotiations,



proceedings, documents prepared and statements made in connection with this Settlement shall be without prejudice to any party and shall not be admissible into evidence, and shall not be deemed or construed to be an admission or confession by any party of any fact, matter or proposition of law, and shall not be used in any manner for any purpose, and all Parties to this Action shall stand in the same position as if this Settlement had not been negotiated, made or filed with the Court.

9. **Conditional certification of classes**. Solely for the purposes of Settlement, providing Class Notice and implementing this Agreement, the Parties agree to conditional certification of the Settlement Classes. Conditional certification of the Settlement Classes shall not be deemed a concession that certification of a litigation class is appropriate, nor is Defendant precluded from challenging class certification in proceedings in the Action or in any other action if the Settlement is not finalized or finally approved, or is otherwise terminated pursuant to Paragraph 7. If the Settlement is not finally approved by the Court for any reason whatsoever, or is terminated pursuant to Paragraph 7, the certification of the Settlement Classes will be void, and no doctrine of waiver, estoppel or preclusion may be asserted in any litigated certification proceedings in the Action or in any other action. No agreements made by or entered into by Defendant in connection with the Settlement may be used by Plaintiffs, any person in the proposed Settlement Classes or any other person to establish any of the elements of



class certification in any litigated certification proceedings, whether in the Action or any other judicial or other tribunal proceeding.

10. **Continuing jurisdiction of the Court**. All proceedings with respect to the Settlement described by this Settlement Agreement and the determination of controversies relating thereto, including disputed questions of law or fact with respect to the validity of claims, shall be subject to the continuing jurisdiction of the Court.

11. **Dispute resolution**. All matters not specifically covered by the provisions of this Settlement Agreement shall be resolved by agreement of Class Counsel and counsel for Defendant, or if they cannot agree, by order of the Court, unless the dispute relates to a material change to the Settlement which gives rise to a right of either party to void and cancel the Settlement.

12. **Service**. The service of papers and notices under this Settlement Agreement and the Settlement shall be made upon the Parties by mailing such papers to:

For Class Representative or Class Members:

Charles M. Delbaum, Esquire
National Consumer Law Center, Inc.
7 Winthrop Square, 4th floor
Boston, MA 02110

Sebastian Korth, Esquire
Korth Law Office,
One Center Plaza, Suite 220,



Last Saved: 10/13/2015 3:18 PM

Boston, MA 02108

For Defendant:

    Marc J. Miller, Esquire
    Bernstein & Miller, P.A.
    5 Broadway - Bldg. 1
    Suite 101
    Saugus, MA 01906

13.    **Stay of proceedings.** All proceedings in the Action will be stayed following entry of the Preliminary Approval Order, except as may be necessary to implement the Settlement or comply with the terms of the Settlement. Pending determination of whether the Settlement should be granted final approval, the Parties in the Actions agree not to pursue any claims or defenses otherwise available to them.

14.    **Entire agreement.** This Settlement Agreement represents the entire and sole agreement negotiated and agreed to between the Parties and supersedes any prior agreements. This Settlement Agreement represents an integrated document and shall not be amended, modified or supplemented, nor shall any of its provisions be deemed to be waived, unless by written agreement signed by the respective Parties. This document has been drafted jointly and any ambiguity is not to be construed against any party.



Last Saved: 10/13/2015 3:18 PM

15.    Each and every term of this Settlement Agreement shall be binding upon and inure to the benefit of the Class Representative, the Class Members, and any and all of their successors, trustees, executors, administrators, principals, beneficiaries, assigns, and personal representatives, and shall bind and inure to the benefit of Defendant, its officers, directors, assignees, successors, predecessors, subsidiaries, parent companies, divisions, affiliates, attorneys, employees and agents, the former and present, of any such individual, group, entity listed above in this Paragraph 15, which are intended to be the beneficiaries of this Agreement.

16.    Class Counsel and counsel for Defendant each represent that they are authorized by their respective clients to execute this Agreement, to take all steps contemplated by this Agreement, and to effectuate this Settlement Agreement on the terms and conditions stated herein, and further that they will take all steps on their respective clients' behalf contemplated by this Settlement Agreement.

17.    This Settlement Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same instrument.  Photocopies or digitally scanned copies of fully executed copies of this Settlement Agreement may be treated as originals.

18.    Federal law shall govern this Settlement Agreement and any documents prepared or executed pursuant to this Settlement Agreement.



Last Saved: 10/13/2015 3:18 PM

19.    The court shall retain jurisdiction to remedy any breach of this

Settlement Agreement.

APPROVED AS TO FORM:
*Attorneys for Plaintiffs*


Dated: _____    By: _____
                                   Charles M. Delbaum
                                   National Consumer Law Center, Inc.


Dated: _____    By: _____
                                   Sebastian Korth,
                                   Korth Law offices, one

*Attorneys for Defendant*


Dated: _October 14 2015_    By: _____
                                   Marc J. Miller, Esquire
                                   Bernstein & Miller, P.A.



AGREED TO AND ACCEPTED:
*Class Representative:*

Dated: _____    _____
                                   Manoucheka Charlessaint



AGREED TO AND ACCEPTED:
*Defendant*


27

Persian Acceptance Corp.

By: _____        Date: _10·08·15_

Printed name: Christy Venios

Title: Chief Operating Officer

19.    The court shall retain jurisdiction to remedy any breach of this Settlement Agreement.

APPROVED AS TO FORM:
*Attorneys for Plaintiffs*

Dated: _10/14/15_          By: _[signature]_
                           Charles M. Delbaum
                           National Consumer Law Center, Inc.

Dated: _10/14/2015_        By: _[signature]_
                           Sebastian Korth,
                           Korth Law offices, one

*Attorneys for Defendant*

Dated: _____     By: _____
                           Marc J. Miller, Esquire
                           Bernstein & Miller, P.A.

AGREED TO AND ACCEPTED:
*Class Representative:*
Dated: _10/14/2015_        _[signature]_
                           Manoucheka Charlessaint

AGREED TO AND ACCEPTED:
*Defendant*

27

Last Saved: 10/13/2015 4:32 PM

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

---

Manoucheka Charlessaint, individually and on
behalf of the proposed classes,

                    Plaintiff,                    Case No. 1:14-cv-11937-RGS

v.

Persian Acceptance Corp.,

                    Defendant.

---

## ORDER PRELIMINARY APPROVING SETTLEMENT

Upon consideration of the Parties' Settlement Agreement dated _____, 2015, (the

"Settlement Agreement"), IT IS HEREBY ORDERED AS FOLLOWS:

1.      The Settlement Agreement and the exhibits thereto are hereby incorporated by

reference in this Order as if fully set forth herein. Defined terms in the Settlement Agreement

shall, unless otherwise defined herein, have the same meaning in this Order.

2.      For purposes of the Settlement, this Court hereby provisionally approves the

following settlement classes ("Settlement Classes"):

a.   **"EFTA Class"** means all consumers who entered into loans financed directly or

indirectly by Defendant on or after April 24, 2013, through September 12, 2015, and

who authorized electronic or ACH withdrawals from a bank account in connection

with such loan.

b.   **"MEFTA Class"** means all consumers residing in Massachusetts who entered into

loans financed directly or indirectly by Defendant through September 12, 2015, in the

Commonwealth of Massachusetts on or after April 24, 2010, and who authorized

electronic or ACH withdrawals from a bank account in connection with such loan.

**EXHIBIT A**

If, for any reason, the Settlement is not approved or does not become effective, this provisional approval shall be null and void, and shall not be used or referred to for any purpose in this Action or any other action or proceeding.

3.      For settlement purposes only, and subject to further consideration at the Final Approval Hearing described in Paragraph 13 below, this Settlement Class meets the relevant requirements of Fed. R. Civ. P. 23(a) and (b)(3).

4.      For settlement purposes only, and after considering the relevant factors in Fed. R. Civ. P. 23 and subject to further consideration at the Final Approval Hearing, Representative Plaintiff Manoucheka Charlessaint is conditionally designated as representative of the Settlement Class and Class Counsel is conditionally appointed as counsel for the Settlement Class. The law firms and attorneys conditionally representing the Settlement Class are:

> Charles M. Delbaum
> National Consumer Law Center
> 7 Winthrop Square, 4th Floor
> Boston, MA 02110
> Phone: (617) 542-8010
> Fax: (617) 542-8028
> cdelbaum@nclc.org
>
> Sebastian Korth
> Korth Law Office
> One Center Plaza, Suite 220
> Boston, Massachusetts 02108
> Phone:  (617) 259-1955
> Fax:  (617) 238-2167
> Skorth@korthlawoffice.com

5.      Pursuant to Fed. R. Civ. P. 23, the terms of the Settlement Agreement, and the Settlement provided for therein, are preliminarily approved as (a) fair, reasonable, and adequate in light of the relevant factual, legal, practical and procedural considerations of the Action, (b) free of collusion to the detriment of Class Members, and (c) within the range of possible final

judicial approval, subject to further consideration thereof at the Final Approval Hearing described at paragraph 13 of this Order. Accordingly, the Settlement Agreement and the Settlement are sufficient to warrant notice thereof, as set forth below, and a full hearing on the Settlement.

6.    To administer the Settlement, A.B. Data, Ltd. is hereby appointed as Settlement Administrator and hereby directed to follow the terms of the Settlement Agreement and this Order. If not inconsistent with the Settlement Agreement and Order, the Settlement Administrator shall follow the direction of the parties in administering the Settlement.

7.    Pursuant to the terms of the Settlement Agreement, Defendants and the Settlement Administrator are hereby directed to prepare the Class Member List. Within 45 days of the date of this Order, and pursuant to the procedures detailed in the Settlement Agreement, the Settlement Administrator shall provide notice of the Settlement and of the Final Approval Hearing to each Class Member by mailing to the address for the Class Member a copy of the Class Notice, substantially in the form attached to the Settlement Agreement as Exhibit B. Before mailing, the Settlement Administrator shall fill-in all applicable dates and deadlines in the Class Notice to conform to the dates and deadlines specified for such events in this Order. The Settlement Administrator shall also have discretion to format the Class Notice in a reasonable manner before mailing to minimize mailing or administration costs.

8.    If any Class Notice mailed pursuant to the Settlement Agreement and paragraph 7 above is returned by the United States Postal Service as undeliverable, then the Settlement Administrator shall re-mail the Class Notice to the forwarding address, if any, provided on the face of the returned mail, and if no address is so provided, shall perform a standard skip trace.

9.     The Court finds that the Settlement Agreement's plan for class notice is the best notice practicable under the circumstances and satisfies the requirements of due process and Fed. R. Civ. P. 23. That plan is approved and accepted. This Court further finds that the Class Notice complies with Fed. R. Civ. P. 23 and is appropriate as part of the notice plan and the Settlement, and thus it is hereby approved and adopted. This Court further finds that no other notice other than that identified in the Settlement Agreement is reasonably necessary in the Action.

10.     Any Class Member who wishes to be excluded from the Settlement Class and not be bound by the Settlement Agreement must complete and mail a request for exclusion ("Opt-Out") to the Settlement Administrator at the address set forth in the Class Notice, postmarked no later than thirty (30) days from the last projected date for the initial mailing of Class Notice under paragraph 7 above. For a Class Member's Opt-Out to be valid and treated as a Successful Opt-Out, it must (a) state the name and number of the Action; (b) identify the Class Member; (c) contain the Class Member's personal and original signature or the original signature of a person previously authorized by law to act on behalf of the Class Member; and (d) unequivocally state the Class Member's intent to be excluded from the Settlement. No person shall purport to exercise any exclusion rights of any other person, or purport to Opt-Out Class Members as a group, aggregate, or class involving more than one Class Member or Opt-Out more than one Class Member on a single paper, or as an agent or representative; any such purported Opt-Outs shall be void, and the Class Member(s) who is or are the subject of such purported Opt-Out shall be treated as a Class Member. Further, any Class Member who is a Successful Opt-Out will be deemed to have waived any rights or benefits under the Settlement, and will not have standing to object to the Settlement.

11.     On or before the date of the Final Approval Hearing, Class Counsel, Counsel for the Defendants, and the Settlement Administrator shall create and file with the Court under seal a comprehensive list which will include full names and addresses of Successful Opt-Outs. The list shall be maintained by this Court under seal in order to protect the privacy interests of those persons identified thereon.

12.     Any Class Member who is not a Successful Opt-Out and who wishes to object to or comment on any aspect of the proposed Settlement, in whole or in part, must mail or hand-deliver a written objection to the Settlement or Settlement Agreement ("Objection") to the Court, and contemporaneously mail it to Class Counsel and Counsel for the Defendants, so that it is on file with the Court no later than thirty days (30) from the date that notice is mailed. To be considered valid, each Objection must be timely (as judged by the filing deadline set forth above) must state the name and number of the Action, identify the Class Member, and state all grounds for any objection. Objections that are untimely and/or otherwise invalid may not be considered by this Court unless the Court orders otherwise.

13.     A hearing (the "Final Approval Hearing") shall be held before the undersigned at _____ a.m./p.m. on _____, 2016, in the United States District Court for the District of Massachusetts, Boston, Massachusetts, to determine, among other things, (a) whether the proposed Settlement should be approved as fair, reasonable and adequate, (b) whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement, (c) whether Class Members should be bound by the Release set forth in the Settlement Agreement, (d) whether Class Members should be subject to a permanent injunction that, among other things, bars Class Members from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit, claim, demand or proceeding in any jurisdiction that is

5

based on or related to, directly or indirectly, matters within the scope of the Release, (e) whether the Settlement Class should be finally certified, (f) the amount of attorneys' fees and costs to be awarded to Class Counsel, if any, and (g) the amounts to be awarded to Representative Plaintiffs for their service as class representatives, if any. This hearing may be postponed, adjourned, or continued by order of the Court without further written notice to the Settlement Class.

14.     Memoranda in support of final approval of the Settlement, application for attorneys' fees and costs, and application for a Class Representative Award to Representative Plaintiff shall be filed with the Court no later than ten days before the Final Approval Hearing described in Paragraph 13 above.

15.     Any Class Member who wishes to appear at the Final Approval Hearing, whether pro se or through counsel, must file a notice of appearance in the Action, and contemporaneously mail or hand-deliver the notice to Class Counsel and Counsel for the Defendants, no later than thirty days before the final approval hearing described in Paragraph 13 above. No Class Member shall be permitted to raise matters at the Final Approval Hearing that the Class Member could have raised in an Objection, but failed to do so. Any Class Member who fails to comply with this Agreement, or the Class Notice, or any other order by the Court shall be barred from appearing at the Final Approval Hearing unless the Court otherwise orders for good cause shown.

16.     Any Class Member who wishes to intervene in the Action or seek other relief from the Court must file with the Court, and contemporaneously mail or hand-deliver to Class Counsel and Counsel for the Defendants, an appropriate motion or application, together with all supporting pleadings or documentation, no later than thirty days before the final approval hearing described in Paragraph 13 above.

17.     All other events contemplated by the Settlement Agreement to occur after this Order and before the Final Approval Hearing, and all aspects of settlement administration during that time, and all matters related to Court consideration of the Settlement, shall be governed by the Settlement Agreement, to the extent not inconsistent herewith.

18.     The Parties are hereby authorized to retain the Settlement Administrator to assist in effectuating the terms of, and administering, the Settlement. The Parties shall notify one another and work together to resolve any matters involved in settlement administration that materially concern or affect the Class.

19.     All proceedings in the Action, other than such as may be necessary to carry out the terms and conditions of the Settlement Agreement or the responsibilities related or incidental thereto, are stayed and suspended until further order of this Court.

20.     If Final Approval of the Settlement is not achieved, or if the Settlement is terminated for any reason, the Settlement and all proceedings had in connection therewith shall be without prejudice to the status quo ante rights of the parties to the Action, and all Orders issued pursuant to the Settlement may be vacated upon a motion or stipulation from the Parties. In such an event, the Settlement and all negotiations concerning it shall not be used or referred to in this Action for any purpose whatsoever. This Order shall be of no force or effect if Final Approval does not occur for any reason, and nothing in this Order shall be construed or used as an admission, concession, or declaration by or against Defendants, of any fault, wrongdoing, breach, or liability. Nor shall this Order be construed or used to show that certification of one or more classes would or would not be appropriate if the Action were to be litigated rather than settled.

21.     Neither the Settlement nor the Settlement Agreement constitutes an admission, concession, or indication by the Parties of the validity of any claims or defenses in the Action or of any wrongdoing, liability, or violation of law by Defendants, who vigorously deny all of the claims and allegations raised in the Action.

22.     At or after the Final Approval Hearing, the Court may approve the Settlement with such modifications, if any, as may be agreed to by Class Counsel and Counsel for the Defendants and without further notice to Class Members.


SO ORDERED, on this, the _____ day of _____, 2015.


_____

HONORABLE RICHARD G. STEARNS
UNITED STATES DISTRICT JUDGE

*Charlessaint v. Persian Acceptance Corporation*, Case No. 1:14-CV-11937 RGS (D.Mass.)

THIS CARD ONLY PROVIDES LIMITED INFORMATION ABOUT THE SETTLEMENT.

PLEASE VISIT www.PersianAcceptanceLitigation.com FOR MORE INFORMATION.

You have been identified as a Class Member in a class action lawsuit that was filed by Manoucheka Charlessaint (Plaintiff) against Persian Acceptance Corp. (Defendant).  This suit alleges that Defendant violated federal and state laws that bar lenders from requiring borrowers to agree to electronic withdrawals from their bank accounts.  Defendant, however, denies that it acted unlawfully and that class certification is appropriate.  There is a proposed settlement to resolve the litigation that requires Defendant to provide each Class Member with a payment.

**What can you get?** The settlement establishes a $276,398 settlement fund that, after payment of certain court-approved expenses, such as attorneys' fees and administration costs, is intended for distribution to settlement class members in exchange for the settlement of this case and the release by settlement class members of the claims described above. It is estimated that, if the proposed settlement is approved by the court, class members who live in Massachusetts and took out a loan from defendant after April 24, 2013 will be sent a check for approximately $14, and all other class members will be sent a check for approximately $7. The exact amount of payment will depend on how many people

**EXHIBIT B**

exclude themselves from the settlement. You do not have to file a claim form to receive a check. The settlement is explained in detail on the website noted above. If you do not have access to a computer, you may obtain a copy of the Full Notice by calling 844 239-9561 and leaving a message requesting that you be sent a copy of the "Persian Acceptance" Full Notice.

**How to get money?** You do not need to do anything to be eligible to have a check sent to you.

**Your other rights.** If you do not want to be legally bound by the settlement, you must exclude yourself by_____, 2015 or you will not be able to sue the defendant for any claim relating to your agreeing to automatic withdrawals from your bank account. If you exclude yourself, you cannot get money from the settlement. If you stay in the settlement class, but do not think it is fair, you have the right to object to the settlement by _____, 2015. The Full Notice, located at the website noted above or available by phone as also noted above, explains how to exclude yourself from or object to the settlement.

**Court Hearing.** The court will hold a hearing in this case on _____, 2016 at ___ AM to consider whether to approve the settlement, and a request by the lawyers representing all class members for up to $137,241 in attorney fees and $1,657.79 in costs, for litigating the case and negotiating the settlement. You may attend the hearing and ask to be heard by the court but you do not have to do so. If you do not

take any action, you will be legally bound by the settlement and any orders or judgments entered in the action, and you will fully, finally, and forever give up any rights to bring the claims in this litigation against defendant.

For more information, please go to www.PersianAcceptanceLitigation.com. Do not contact the court, defendant or their counsel in this action with questions.

**United States District Court For The District of Massachusetts**

**A Federal Court Ordered This Notice – It is Not A Solicitation From A Lawyer.**

- You have been identified as a Class Member in a class action lawsuit that was filed by Manoucheka Charlessaint (Plaintiff or Representative Plaintiff) against Persian Acceptance Corp. (Persian or Defendant).

- The proposed settlement requires Persian Acceptance Corp.to provide Class Members with a check in an amount to be determined.

| | BRIEF SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|---|
| **DO NOTHING** | If you do nothing, you will remain in the Class. If you stay in the Settlement Class and the Settlement is approved, you will be bound by the Court's Final Judgment and the release, as outlined in the Settlement Agreement. | |
| **EXCLUDE YOURSELF** | If you exclude yourself from the Settlement, you will not receive any benefits from the Settlement. Excluding yourself is the only option that allows you to ever bring or maintain your own lawsuit against the Defendant regarding the allegations in the Action. | Deadline: **[Month Day, Year]** |
| **OBJECT** | You may write to the Court about why you object to the Settlement and think it shouldn't be approved. Filing an objection does not exclude you from the Settlement. | Deadline: **[Month Day, Year]** |
| **GO TO THE FINAL APPROVAL HEARING** | The Court will hold a "Final Approval Hearing" to consider the Settlement, the request for attorneys' fees and costs of the lawyers who brought the Action, and the Representative Plaintiff's request for a service award for bringing the Action.<br><br>You may, but are not required to, speak at the Final Approval Hearing about any Objection you filed to the Settlement. If you intend to speak at the Final Approval Hearing, you must also submit a "Notice of Intention to Appear" to the Court and the parties' attorneys, indicating your intent to do so. | Hearing Date: **[Month Day, Year at Time]** |

- These rights and options – **and the deadlines to exercise them** – are explained in more detail below.

The Court in charge of this Action has preliminarily approved the Settlement and must decide whether to give final approval to the Settlement. The relief provided to Class Members

**EXHIBIT C**

will be provided only if the Court gives final approval to the Settlement and, if there are any appeals, after the appeals are resolved in favor of the Settlement. ***Please be patient.***

| I. | WHAT THIS NOTICE CONTAINS |
|---|---|

**BACKGROUND INFORMATION** ........................................................................................ ##
1. Why did I get this Notice?
2. What is this lawsuit about?
3. Why is this a class action?
4. Why is there a Settlement?
5. How do I know if I am part of the Settlement?
**THE PROPOSED SETTLEMENT** ...................................................................................... ##
6. What relief does the Settlement provide to the Class Members?
**THE LAWYERS IN THIS CASE AND THE REPRESENTATIVE PLAINTIFF** ........... ##
7. Do I have a lawyer in this case?
8. How will the lawyers be paid?
9. Will the Representative Plaintiff receive any compensation for their efforts in bringing this Action?
**DISMISSAL OF ACTION AND RELEASE OF ALL CLAIMS** ......................................... ##
10. What am I giving up to obtain relief under the Settlement?
**HOW TO EXCLUDE YOURSELF FROM THE SETTLEMENT** ...................................... ##
11. How do I exclude myself from the Settlement?
**HOW TO OBJECT TO THE SETTLEMENT** ................................................................... ##
12. How do I tell the Court that I do not like the Settlement?
13. What is the difference between excluding myself and objecting to the Settlement?
**FINAL APPROVAL HEARING** ......................................................................................... ##
14. What is the Final Approval Hearing?
15. When and where is the Final Approval Hearing?
16. May I speak at the Final Approval Hearing?
**GETTING MORE INFORMATION** ................................................................................... ##
17. How do I get more information?
18. What if my address or other information has changed or changes after I receive my Notice?

Important Addresses....................................................................................................##

Important Dates...........................................................................................................##

Addendum: Release......................................................................................................##

| BACKGROUND INFORMATION |
|---|
| **1.** *Why did I get this Notice?* |

You received this Notice because a settlement has been reached in this Action. According to Persian Acceptance Corp.'s records, you are a member of one or both of the Classes and therefore may be entitled to the relief detailed below. This Notice explains the nature of the Action, the general terms of the proposed Settlement, and your legal rights and obligations.

If the Court approves the Settlement and after objections and appeals are resolved, an administrator appointed by the Court will make the payments that the settlement allows. The Court in charge of the case is the United States District Court for the District of Massachusetts, and the case is known as *Charlessaint v. Persian Acceptance Corporation*, Case No. 1:14-CV-11937 RGS. To obtain more information about the Settlement, including information about how you can see a copy of the Settlement Agreement (which defines certain capitalized terms used in this Notice), see Section 17 below.

## 2.    *What is this lawsuit about?*

This Action alleges that Defendant violated the federal Electronic Funds Transfer Act (EFTA), 15 U.S.C. §§ 1692 et seq., and the Massachusetts Electronic Funds Transfer Act (MEFTA), Mass. Gen. Laws ch. 167B. Both the EFTA and the MEFTA bar the conditioning of a consumer credit loan on a preauthorized electronic fund transfer. The Action was originally filed in 2014, and seeks damages, attorneys' fees and litigation costs against Defendant.

Defendant denies that it acted unlawfully and asserts defenses against Plaintiff's claims. Defendant further denies that class certification is required or appropriate.

**The issuance of this Notice is not an expression of the Court's opinion on the merit or the lack of merit of the Representative Plaintiff's claims in the Action.**

## 3.    *Why is this a class action?*

In a class action lawsuit, one or more people called "Representative Plaintiff" sue on behalf of other people who have similar claims but who may not be aware of them or may lack the means to bring suit individually. For purposes of this proposed Settlement, one court will resolve the issues for all Class Members, except for those people who properly exclude themselves from the Class, as explained in Section 11 below.

## 4.    *Why is there a Settlement?*

Both sides agreed to a Settlement in order to avoid the cost and uncertainties of a trial, and the Class Members will receive relief now rather than years from now, if at all.

## 5.    *How do I know if I am part of the Settlement?*

The Court has preliminarily certified two classes, consisting of persons who will be the final settlement classes (the "Classes") if the Settlement is approved. The first class covers persons allegedly protected by the federal Electronic Funds Transfer Act:

> **EFTA class**: All consumers who entered into loans financed directly or indirectly by Defendant on or after April 24, 2013, through September 12, 2015, and who authorized electronic or ACH withdrawals from a bank account in connection with such loan.

The second class covers persons allegedly protected by the Massachusetts Electronic Funds Transfer Act:

> **MEFTA class:** all consumers residing in Massachusetts who entered into loans financed directly or indirectly by Defendant through September 12, 2015, in the Commonwealth of Massachusetts on or after April 24, 2010, and who authorized electronic or ACH withdrawals from a bank account in connection with such loan.

According to Defendant's records, you meet these criteria and are a member of at least one of the Classes. If you have received more than one copy of this Notice in the mail, you may be a member of both of the Classes.

## THE PROPOSED SETTLEMENT

**6.      What relief does the Settlement provide to the Class Members?**

If the proposed Settlement is approved by the Court, the Defendant will pay a total settlement amount of $276,398.79, plus up to $25,000 in costs of notice and administration. $107,500 of this total has been preliminarily approved by the Court for payment to class members. As part of the proposed Settlement, each member of the Class ("Class Member") who does not exclude himself or herself from the Class (as described in Section 11) will be eligible to receive a check. The Settlement Payment will be an equal share of the settlement amount approved by the Court.

It is estimated that members of the EFTA class will each receive approximately $7 and that members of the MEFTA class will each receive approximately $7, except that persons in Massachusetts who are Members of both classes will receive a payment of approximately $14. If any checks to class members are returned or not cashed within 180 days of mailing, these monies will be paid to a charitable organization approved by the Court. They will not be returned to Defendant.

## THE LAWYERS IN THIS CASE AND THE REPRESENTATIVE PLAINTIFF

**7.      Do I have a lawyer in this case?**

The Court has preliminarily ordered that Charles M. Delbaum of the National Consumer Law Center and Sebastian Korth of Korth Law Office, ("Class Counsel") will represent the interests of all Class Members. You will not be separately charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**8.      How will the lawyers be paid?**

Class Counsel will request up to $137,241 in attorneys' fees and $1,657.79 in costs (total) from the settlement fund of $276,398.79. The Court will make the final decision as to whether these amounts will be paid to Class Counsel.

| | |
|---|---|
| **9.** | *Will the Representative Plaintiff receive any compensation for her efforts in bringing this Action?* |

The Representative Plaintiff will request a service award (also known as an "incentive" award) of up to $5,000 for her services as a class representatives and her efforts in bringing the Action. The Court will make the final decision as to the amount to be paid to the Representative Plaintiff.

**DISMISSAL OF ACTION AND RELEASE OF ALL CLAIMS**

| | |
|---|---|
| **10.** | *What am I giving up to obtain relief under the Settlement?* |

If the Court approves the proposed Settlement, unless you exclude yourself from the Settlement, you will be releasing your claims against Persian Acceptance Corp. **A RELEASE MEANS THAT YOU WILL NOT BE ABLE TO FILE A LAWSUIT, CONTINUE PROSECUTING A LAWSUIT, OR BE PART OF ANY OTHER LAWSUIT AGAINST PERSIAN ACCEPTANCE CORP. REGARDING CLAIMS RELATED TO THE ASSESSMENT OF LATE FEES OR CHARGES.** The Settlement Agreement, available on the Internet at the website www.[settlementwebsite].com contains the full terms of the release, as does the addendum below.

**HOW TO EXCLUDE YOURSELF FROM THE SETTLEMENT**

| | |
|---|---|
| **11.** | *How do I exclude myself from the Settlement?* |

You may exclude yourself from the Class and the Settlement. If you timely and validly request exclusion from the Class, you will be excluded from the Class, you will not receive any benefit from the Settlement, you will not be bound by the judgment entered in the Action, and you will not be precluded from prosecuting any timely, individual claim against Persian Acceptance Corp. based on the conduct complained of and/or related to that alleged in the Action.

If you want to be excluded, you must send a letter or postcard with your original signature stating: **(a)** the name and case number of the Action, "*Charlessaint v. Persian Acceptance Corporation*, Case No. 1:14-CV-11937 RGS"; **(b)** your full name, address, email address, and telephone number; and **(c)** a statement that you do not wish to participate in the Settlement, postmarked no later than [Month Day, Year] to the Claims Administrator at:

*Charlessaint v. Persian Acceptance Corporation*, c/o Settlement Administrator
[Address]
[City, State ZIP]

If there is a co-borrower on the loan, all co-borrowers must elect to exclude themselves for the exclusion to be effective.

**IF YOU DO NOT MAKE A TIMELY AND VALID REQUEST FOR EXCLUSION, YOU WILL REMAIN A CLASS MEMBER AND BE BOUND BY THE SETTLEMENT.**

## HOW TO OBJECT TO THE SETTLEMENT

**12.** *How do I tell the Court that I do not like the Settlement?*

At the date, time, and location stated in Section 15 below, the Court will hold a Final Approval Hearing to determine if the Settlement is fair, reasonable, and adequate, and to also consider Class Counsel's request for an award of attorneys' fees and costs, and an incentive award to the Representative Plaintiff.

If you have not submitted a timely and valid request for exclusion and wish to object to the fairness, reasonableness or adequacy of the Settlement Agreement or the proposed Settlement, or to the award of attorneys' fees and costs or the service award, you must file a written objection with the Court and serve such objection on Class Counsel and Persian Acceptance Corp.'s Counsel at the addresses set forth below no later than (*i.e.*, postmarked by) [Month Day, Year].

| CLASS COUNSEL | PERSIAN'S COUNSEL | COURT |
|---|---|---|
| Charles M. Delbaum National Consumer Law Center 7 Winthrop Square, 4th Floor Boston, MA 02110 | Marc J. Miller Bernstein & Miller, P.A. 5 Broadway, Bldg. One, Suite 101 Saugus, Massachusetts 01906 | U. S. DISTRICT COURT John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2300, Boston, MA 02210 |

Any written objections must state: **(a)** the name and case number of the Action, "*Charlessaint v. Persian Acceptance Corporation*, Case No. 1:14-CV-11937 RGS"; **(b)** the full name, address, and telephone number of the person objecting; **(c)** the words "Notice of Objection" or "Formal Objection"; and **(d)** in clear and concise terms, the legal and factual arguments supporting the objection, including an attestation of facts demonstrating that the person objecting is a Class Member. You may, but need not, file and serve your objection through counsel of your choice. If you do make your objection through an attorney, you will be responsible for your personal attorneys' fees and costs.

**IF YOU DO NOT TIMELY MAKE YOUR OBJECTION, YOU WILL BE DEEMED TO HAVE WAIVED ALL OBJECTIONS AND WILL NOT BE ENTITLED TO SPEAK AT THE FINAL APPROVAL HEARING.**

If you properly file and serve a written objection, you may appear at the Final Approval Hearing, either in person or through personal counsel hired at your expense, to object to the Settlement Agreement. You are not required, however, to appear. If you, or your attorney, intend to make an appearance at the Final Approval Hearing, you must also deliver to Class Counsel and Defendant' Counsel, and file with the Court, no later than (*i.e.*, postmarked by) [Month Day, Year], a "Notice of Intention to Appear".

If you intend to appear at the Final Approval Hearing through counsel, you must also identify the attorney(s) representing you who will appear at the Final Approval Hearing and include the attorney(s) name, address, phone number, e-mail address, and the state bar(s) to which counsel is admitted. Also, if you intend to request the Court to allow you to call witnesses at the Final Approval Hearing, such request must be made in your written brief, which must also contain a list of any such witnesses and a summary of each witness' expected testimony.

**13.**  *What is the difference between excluding myself and objecting to the Settlement?*

Objecting is simply telling the Court that you don't like something about the Settlement.  You can object only if you stay in the Settlement Class.  Excluding yourself is telling the Court that you don't want to be part of the Settlement.  If you exclude yourself, you have no basis to object because the Settlement no longer affects you.

## FINAL APPROVAL HEARING

**14.**  *What is the Final Approval Hearing?*

The Court has preliminarily approved the Settlement and will hold a hearing to decide whether to give final approval to the Settlement. The purpose of the Final Approval Hearing will be for the Court to determine whether the Settlement should be approved as fair, reasonable, adequate, and in the best interests of the Class; to consider the award of attorneys' fees and costs to Class Counsel; to consider the request for a service award to the Representative Plaintiff; and to consider whether the Class Members should be bound by the Release and be prohibited from suing over Released Claims.

**15.**  *When and where is the Final Approval Hearing?*

On [Month Day, Year at Time], a hearing will be held on the fairness of the proposed Settlement. At the hearing, the Court will be available to hear any objections and arguments concerning the proposed Settlement's fairness. The hearing will take place before the Honorable Richard G. Stearns, in Courtroom ____ of the United States District Court for the District of Massachusetts, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Courtroom 21, 7th Floor, Boston, MA 02210. The hearing may be postponed to a different date or time or location without notice. Please check www.[settlementwebsite].com for any updates about the Settlement generally or the Final Approval Hearing specifically. If the date or time of the Final Approval Hearing changes, an update to the Settlement website will be the only way you will be informed of the change.

**16.**  *May I speak at the hearing?*

At that hearing, the Court will be available to hear any Objections and arguments concerning the fairness of the Settlement.

You may attend, but you do not have to. As described above in Section 12, you may speak at the Final Approval Hearing only if (a) you have timely served and filed a proper Objection, and (b) you have timely served and filed a Notice of Intent to Appear.

If you have requested exclusion from the Settlement, however, you may not speak at the Final Approval Hearing.

## GETTING MORE INFORMATION

**17.**  *How do I get more information?*

To see a copy of the Settlement Agreement, the Court's Preliminary Approval Order, Class Counsel's application for attorneys' fees and costs, and the operative complaint filed in the Action, please visit the Settlement website located at: www.[settlementwebsite].com. Alternatively, you may contact the Settlement Administrator at the postal mailing address: [Address; City; State; ZIP].

This description of the Charlessaint Action is general and does not cover all of the issues and proceedings that have occurred. In order to see the complete file you should visit the Clerk's office at the United States District Court for the District of Massachusetts, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, MA 02210. The Clerk will tell you how to obtain the file for inspection and copying at your own expense.

| | |
|---|---|
| **18.** | *What if my address or other information has changed or changes after I receive my Notice* |

It is your responsibility to inform the Settlement Administrator of your updated information. You may do so at the address below:

*Charlessaint v. Persian Acceptance Corporation,* c/o Settlement Administrator
[Address]
[City, State ZIP]

****************************************************************************
****************************************************************************

**DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR THE LITIGATION TO THE CLERK OF THE COURT OR THE JUDGE.**


## IMPORTANT ADDRESSES


**Class Counsel:**

Charles M. Delbaum
National Consumer Law Center
7 Winthrop Square, 4th Floor
Boston, MA 02110
Phone: (617) 542-8010
Fax: (617) 542-8028
cdelbaum@nclc.org

Sebastian Korth
Korth Law Office
One Center Plaza, Suite 220
Boston, Massachusetts 02108
Phone: (617) 259-1955
Fax: (617) 238-2167
Skorth@korthlawoffice.com

**Defendant' Counsel**:

Marc J. Miller
Bernstein & Miller, P.A.

5 Broadway, Bldg. One, Suite 101
Saugus, Massachusetts 01906

tel: 781-592-4000
fax: 781-583-1318
millerjmarc@aol.com

**Settlement Administrator:**

Charlessaint v. Persian Auto Acceptance Settlement Administration
A.B.Data, Ltd.
600 A.B.Data Drive
Milwaukee, WI 53217

## IMPORTANT DATES

| | |
|---|---|
| **XXXXXXXX** | All NOTICES OF APPEARANCES, MOTIONS, OR OTHER SUBMISSIONS must be postmarked and mailed or hand-delivered to the Court and postmarked and mailed or hand-delivered to Class Counsel and Defendant' Counsel. |
| **XXXXXXXX** | All OPT OUTS/REQUESTS FOR EXCLUSION must be postmarked and mailed to the Settlement Administrator. |
| **XXXXXXXX** | All OBJECTIONS must be postmarked and mailed or hand-delivered to the Court and postmarked and mailed or hand-delivered to Class Counsel and Defendant' Counsel. |
| **XXXXXXX, at __:__** | FINAL APPROVAL HEARING. |

Dated: XXX XX, 2015                    By: Order of the District of Massachusetts
                                       HONORABLE RICHARD G. STEARNS
                                       UNITED STATES DISTRICT COURT JUDGE

## Addendum

As provided for in Section 10 of the Notice, the terms of the Release are reproduced below:

**RELEASE:**

Upon the Effective Date, the Class Representative and Class Members release Defendant Persian Acceptance Corp., and also the corporation that Plaintiff originally included as a defendant in the Action, Carfinco Financial Group, Inc., together with their respective past and present: officers;

9

shareholders; directors; members; partners; associates; assignees; successors; predecessors; subsidiaries; parent companies; divisions; affiliates; attorneys; employees; and agents, from any and all claims, known or unknown, that were or could have been brought in the Action arising from or relating to the alleged conditioning of loans from Persian on ACH or electronic withdrawals  during the Class Period.