**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

---

Manoucheka Charlessaint, individually and on
behalf of the proposed classes,

            Plaintiff,           Case No. 1:14-cv-11937-RGS

v.

Persian Acceptance Corp.,

            Defendant.

---

**ORDER PRELIMINARY APPROVING SETTLEMENT**

Upon consideration of the Parties' Settlement Agreement dated **/0 - 14**, 2015, (the

"Settlement Agreement"), IT IS HEREBY ORDERED AS FOLLOWS:

1.    The Settlement Agreement and the exhibits thereto are hereby incorporated by

reference in this Order as if fully set forth herein. Defined terms in the Settlement Agreement

shall, unless otherwise defined herein, have the same meaning in this Order.

2.    For purposes of the Settlement, this Court hereby provisionally approves the

following settlement classes ("Settlement Classes"):

    a.    **"EFTA Class"** means all consumers who entered into loans financed directly or

indirectly by Defendant on or after April 24, 2013, through September 12, 2015, and

who authorized electronic or ACH withdrawals from a bank account in connection

with such loan.

    b.    **"MEFTA Class"** means all consumers residing in Massachusetts who entered into

loans financed directly or indirectly by Defendant through September 12, 2015, in the

Commonwealth of Massachusetts on or after April 24, 2010, and who authorized

electronic or ACH withdrawals from a bank account in connection with such loan.

If, for any reason, the Settlement is not approved or does not become effective, this provisional approval shall be null and void, and shall not be used or referred to for any purpose in this Action or any other action or proceeding.

3.     For settlement purposes only, and subject to further consideration at the Final Approval Hearing described in Paragraph 13 below, this Settlement Class meets the relevant requirements of Fed. R. Civ. P. 23(a) and (b)(3).

4.     For settlement purposes only, and after considering the relevant factors in Fed. R. Civ. P. 23 and subject to further consideration at the Final Approval Hearing, Representative Plaintiff Manoucheka Charlessaint is conditionally designated as representative of the Settlement Class and Class Counsel is conditionally appointed as counsel for the Settlement Class. The law firms and attorneys conditionally representing the Settlement Class are:

>    Charles M. Delbaum
>    National Consumer Law Center
>    7 Winthrop Square, 4th Floor
>    Boston, MA 02110
>    Phone: (617) 542-8010
>    Fax: (617) 542-8028
>    cdelbaum@nclc.org
>
>    Sebastian Korth
>    Korth Law Office
>    One Center Plaza, Suite 220
>    Boston, Massachusetts 02108
>    Phone:  (617) 259-1955
>    Fax:  (617) 238-2167
>    Skorth@korthlawoffice.com

5.     Pursuant to Fed. R. Civ. P. 23, the terms of the Settlement Agreement, and the Settlement provided for therein, are preliminarily approved as (a) fair, reasonable, and adequate in light of the relevant factual, legal, practical and procedural considerations of the Action, (b) free of collusion to the detriment of Class Members, and (c) within the range of possible final

judicial approval, subject to further consideration thereof at the Final Approval Hearing described at paragraph 13 of this Order. Accordingly, the Settlement Agreement and the Settlement are sufficient to warrant notice thereof, as set forth below, and a full hearing on the Settlement.

6. To administer the Settlement, A.B. Data, Ltd. is hereby appointed as Settlement Administrator and hereby directed to follow the terms of the Settlement Agreement and this Order. If not inconsistent with the Settlement Agreement and Order, the Settlement Administrator shall follow the direction of the parties in administering the Settlement.

7. Pursuant to the terms of the Settlement Agreement, Defendants and the Settlement Administrator are hereby directed to prepare the Class Member List. Within 45 days of the date of this Order, and pursuant to the procedures detailed in the Settlement Agreement, the Settlement Administrator shall provide notice of the Settlement and of the Final Approval Hearing to each Class Member by mailing to the address for the Class Member a copy of the Class Notice, substantially in the form attached to the Settlement Agreement as Exhibit B. Before mailing, the Settlement Administrator shall fill-in all applicable dates and deadlines in the Class Notice to conform to the dates and deadlines specified for such events in this Order. The Settlement Administrator shall also have discretion to format the Class Notice in a reasonable manner before mailing to minimize mailing or administration costs.

8. If any Class Notice mailed pursuant to the Settlement Agreement and paragraph 7 above is returned by the United States Postal Service as undeliverable, then the Settlement Administrator shall re-mail the Class Notice to the forwarding address, if any, provided on the face of the returned mail, and if no address is so provided, shall perform a standard skip trace.

3

9.      The Court finds that the Settlement Agreement's plan for class notice is the best notice practicable under the circumstances and satisfies the requirements of due process and Fed. R. Civ. P. 23. That plan is approved and accepted. This Court further finds that the Class Notice complies with Fed. R. Civ. P. 23 and is appropriate as part of the notice plan and the Settlement, and thus it is hereby approved and adopted. This Court further finds that no other notice other than that identified in the Settlement Agreement is reasonably necessary in the Action.

10.     Any Class Member who wishes to be excluded from the Settlement Class and not be bound by the Settlement Agreement must complete and mail a request for exclusion ("Opt-Out") to the Settlement Administrator at the address set forth in the Class Notice, postmarked no later than thirty (30) days from the last projected date for the initial mailing of Class Notice under paragraph 7 above. For a Class Member's Opt-Out to be valid and treated as a Successful Opt-Out, it must (a) state the name and number of the Action; (b) identify the Class Member; (c) contain the Class Member's personal and original signature or the original signature of a person previously authorized by law to act on behalf of the Class Member; and (d) unequivocally state the Class Member's intent to be excluded from the Settlement. No person shall purport to exercise any exclusion rights of any other person, or purport to Opt-Out Class Members as a group, aggregate, or class involving more than one Class Member or Opt-Out more than one Class Member on a single paper, or as an agent or representative; any such purported Opt-Outs shall be void, and the Class Member(s) who is or are the subject of such purported Opt-Out shall be treated as a Class Member. Further, any Class Member who is a Successful Opt-Out will be deemed to have waived any rights or benefits under the Settlement, and will not have standing to object to the Settlement.

4

11.     On or before the date of the Final Approval Hearing, Class Counsel, Counsel for the Defendants, and the Settlement Administrator shall create and file with the Court under seal a comprehensive list which will include full names and addresses of Successful Opt-Outs. The list shall be maintained by this Court under seal in order to protect the privacy interests of those persons identified thereon.

12.     Any Class Member who is not a Successful Opt-Out and who wishes to object to or comment on any aspect of the proposed Settlement, in whole or in part, must mail or hand-deliver a written objection to the Settlement or Settlement Agreement ("Objection") to the Court, and contemporaneously mail it to Class Counsel and Counsel for the Defendants, so that it is on file with the Court no later than thirty days (30) from the date that notice is mailed. To be considered valid, each Objection must be timely (as judged by the filing deadline set forth above) must state the name and number of the Action, identify the Class Member, and state all grounds for any objection. Objections that are untimely and/or otherwise invalid may not be considered by this Court unless the Court orders otherwise.

13.     A hearing (the "Final Approval Hearing") shall be held before the undersigned at __3:00__ ~~a.m.~~/p.m. on **March 8**, 2016, in the United States District Court for the District of Massachusetts, Boston, Massachusetts, to determine, among other things, (a) whether the proposed Settlement should be approved as fair, reasonable and adequate, (b) whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement, (c) whether Class Members should be bound by the Release set forth in the Settlement Agreement, (d) whether Class Members should be subject to a permanent injunction that, among other things, bars Class Members from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit, claim, demand or proceeding in any jurisdiction that is

based on or related to, directly or indirectly, matters within the scope of the Release, (e) whether the Settlement Class should be finally certified, (f) the amount of attorneys' fees and costs to be awarded to Class Counsel, if any, and (g) the amounts to be awarded to Representative Plaintiffs for their service as class representatives, if any. This hearing may be postponed, adjourned, or continued by order of the Court without further written notice to the Settlement Class.

14.     Memoranda in support of final approval of the Settlement, application for attorneys' fees and costs, and application for a Class Representative Award to Representative Plaintiff shall be filed with the Court no later than ten days before the Final Approval Hearing described in Paragraph 13 above.

15.     Any Class Member who wishes to appear at the Final Approval Hearing, whether pro se or through counsel, must file a notice of appearance in the Action, and contemporaneously mail or hand-deliver the notice to Class Counsel and Counsel for the Defendants, no later than thirty days before the final approval hearing described in Paragraph 13 above. No Class Member shall be permitted to raise matters at the Final Approval Hearing that the Class Member could have raised in an Objection, but failed to do so. Any Class Member who fails to comply with this Agreement, or the Class Notice, or any other order by the Court shall be barred from appearing at the Final Approval Hearing unless the Court otherwise orders for good cause shown.

16.     Any Class Member who wishes to intervene in the Action or seek other relief from the Court must file with the Court, and contemporaneously mail or hand-deliver to Class Counsel and Counsel for the Defendants, an appropriate motion or application, together with all supporting pleadings or documentation, no later than thirty days before the final approval hearing described in Paragraph 13 above.

6

17.     All other events contemplated by the Settlement Agreement to occur after this

Order and before the Final Approval Hearing, and all aspects of settlement administration during

that time, and all matters related to Court consideration of the Settlement, shall be governed by

the Settlement Agreement, to the extent not inconsistent herewith.

18.     The Parties are hereby authorized to retain the Settlement Administrator to assist

in effectuating the terms of, and administering, the Settlement. The Parties shall notify one

another and work together to resolve any matters involved in settlement administration that

materially concern or affect the Class.

19.     All proceedings in the Action, other than such as may be necessary to carry out

the terms and conditions of the Settlement Agreement or the responsibilities related or incidental

thereto, are stayed and suspended until further order of this Court.

20.     If Final Approval of the Settlement is not achieved, or if the Settlement is

terminated for any reason, the Settlement and all proceedings had in connection therewith shall

be without prejudice to the status quo ante rights of the parties to the Action, and all Orders

issued pursuant to the Settlement may be vacated upon a motion or stipulation from the Parties.

In such an event, the Settlement and all negotiations concerning it shall not be used or referred to

in this Action for any purpose whatsoever. This Order shall be of no force or effect if Final

Approval does not occur for any reason, and nothing in this Order shall be construed or used as

an admission, concession, or declaration by or against Defendants, of any fault, wrongdoing,

breach, or liability. Nor shall this Order be construed or used to show that certification of one or

more classes would or would not be appropriate if the Action were to be litigated rather than

settled.

7

21.    Neither the Settlement nor the Settlement Agreement constitutes an admission, concession, or indication by the Parties of the validity of any claims or defenses in the Action or of any wrongdoing, liability, or violation of law by Defendants, who vigorously deny all of the claims and allegations raised in the Action.

22.    At or after the Final Approval Hearing, the Court may approve the Settlement with such modifications, if any, as may be agreed to by Class Counsel and Counsel for the Defendants and without further notice to Class Members.

SO ORDERED, on this, the 19th day of October, 2015.

HONORABLE RICHARD G. STEARNS
UNITED STATES DISTRICT JUDGE

8