UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

Manoucheka Charlessaint, individually and on
behalf of the proposed classes,

        Plaintiff,

v.

Persian Acceptance Corp.,

        Defendant.

Case No. 1:14-cv-11937-RGS

---

# FINAL ORDER

1. The Court considered this matter on the Plaintiff's Unopposed Motion to Approve Settlement. The Court issued its Preliminary Approval Order on October 19, 2015. On December 3, 2015, A.B. Data caused the Court approved Class notice to be sent to members of the class, which advised them of the settlement and notified them of the date of the Fairness Hearing.

2. The Court is informed that actual notice was initially sent by mail to approximately 11,539 class members. After accounting for notices returned by the United States Postal Service marked not deliverable and as to whom forwarding addresses could not be found, 11,140 notices (96%) were successfully mailed to class members.

3. No persons have filed objections to the proposed settlement. Three individuals have requested exclusion.

4. The Court conducted a Fairness Hearing on March 8, 2016 to which members of the class were invited.

5. The Court being fully advised in the premises, having reviewed and approved the settlement, and for good cause shown, FINDS AND ORDERS:

1. The Court ratifies the findings in the Preliminary Approval Order, that this action is best maintainable as a class action, that Plaintiff Manoucheka Charlessaint is a suitable class representative; and that Charles M. Delbaum and Sebastian Korth are appropriate class counsel.

2. The "EFTA" class consists of all consumers who entered into loans financed directly or indirectly by Defendant on or after April 24, 2013, through September 12, 2015, and who authorized electronic or ACH withdrawals from a bank account in connection with such loan. The "MEFTA Class" consists of all consumers residing in Massachusetts who entered into loans financed directly or indirectly by Defendant through September 12, 2015, in the Commonwealth of Massachusetts on or after April 24, 2010, and who authorized electronic or ACH withdrawals from a bank account in connection with such loan.

3. The mailing of the notice as described in the Settlement Agreement is the only notice required and that such notice satisfies the requirements of due process and FRCP 23.

4. The Court finds that the Settlement Agreement is fair, reasonable, and adequate to the class, and hereby approves the Settlement Agreement. The Court further finds that the settlement is made in good faith.

5. The Court approves an incentive award for the Plaintiff in the amount of $ 5,000, and awards attorney fees and costs to Plaintiff's attorneys in the amount of $ 138,899 as fair and reasonable.

6. The parties are directed to implement the Settlement Agreement in accordance with its terms.

7. The release in this case is conditioned upon the payment by Defendant set forth in the Settlement Agreement.

8. The Court retains jurisdiction over the interpretation, enforcement and implementation of both the Settlement Agreement and this Order.

SO ORDERED:

_____
Hon. Richard G. Stearns